C. HYLAND JONES and Another, as Executors, etc., of CHARLES H. JONES, Deceased, Plaintiffs, *v.* PHILIP L. MORRISON and Others, as Copartners in the Limited Partnership of CHAS. H. JONES & Co., Defendants.

First Department, June 20, 1933.

*Herman Aaron* of counsel [*Parker & Aaron,* attorneys], for the plaintiffs.

*William H. Milholland* of counsel [*Albert G. Christmas,* attorney], for the defendants.

MARTIN, J. The controversy involved herein has been submitted to the court for decision upon an agreed statement of facts.

The plaintiffs are the executors of Charles H. Jones, deceased, who was a limited partner in the partnership of Chas. H. Jones & Co. The defendants are the general partners of the firm. Articles of agreement were entered into on January 2, 1928, by the terms of which a limited partnership was formed in which Messrs. Philip L. Morrison, William J. Banigan and Charles H. Itzel became general partners, and Mr. Charles H. Jones became a limited partner. Mr. Jones contributed $50,000, and Messrs. Morrison and Banigan each contributed $25,000, making a total of $100,000 capital. Mr. Itzel contributed nothing. The firm was organized to deal in all kinds of stocks, bonds, notes, mortgages, drafts, loans or other securities, on commission or in any other manner either as principals or brokers.

In December, 1928, the partnership was extended to and including

December 31, 1929, and the limited partner contributed an additional $50,000, making his capital contribution $100,000, and Morrison and Banigan, as general partners, each contributed an additional $25,000, so that their contributions totaled $50,000 each, and the total capital of the firm was $200,000.

When the partnership was formed, Messrs. Jones, Banigan and Morrison each carried life insurance to the extent of $50,000, the premiums on which were paid by the firm. All the policies had been issued and were outstanding in January, 1928, and were continued for the purpose of securing the repayment of the limited partner's contribution to the firm's capital. Each was assigned to Mr. Jones or his executors.

Mr. Jones, the limited partner, carried two policies, one a straight life policy for $28,000, and the other a term policy for $22,000. On July 18, 1928, he converted the term policy for $22,000 to a straight life policy by the payment to the insurance company of a sum representing the difference in cost of such a policy to the date of conversion and by agreeing to thereafter pay an increased premium. The original premium was $885.06, payable annually, which sum the firm continued to pay; the new premium was $1,419.88, payable annually, and the difference of $534.82 was paid by Mr. Jones. There is nothing in the record to indicate when the term policy would have expired or why it was converted to a straight life policy. Several reasons are assumed, but all are problematical. The outstanding fact is that from that date on Mr. Jones agreed to and did pay a part of the increased premium.

The defendants contend that irrespective of the reason for the conversion of the $22,000 policy, the converting of the term policy to a life policy created a cash surrender value for it that before did not exist; that, however, the fact remains as stated in the agreement of partnership, that this policy was obtained for the purpose of securing the repayment of the limited partner's contribution.

By the terms of the respective agreements it seems clear that the $22,000 policy must be treated as the property of Mr. Jones. The agreements treat it as the sole property of the limited partner. One provides as follows: " The Limited Partner agrees that at any time upon the repayment of his contribution in full, he, or in case he is dead, his legal representative, will assign and deliver to the firm all of the above policies then outstanding, except the $22,000 Conn. Gen'l Life Ins. Co. Policy 182170 which policy shall be the sole property of the Limited Partner."

The agreement further emphasizes the fact that Mr. Jones was the owner of the policy, for it provides: " It is agreed that if the contribution of the Limited Partner is repaid in full at any time

during his life, the Limited Partner shall have the privilege of paying to the firm the cash surrender value, if any (as of the date of such repayment) of the $28,000 Ætna Life Ins. Co. Policy No. 566100 on his life and thereupon all the policies on the life of the Limited Partner shall become his sole property — and the firm shall have no further interest therein."

The question here presented is whether the plaintiffs are entitled to judgment against the defendants for the sum of $22,000, the proceeds of the policy, with interest, or whether the defendants are entitled to credit the proceeds of the policy as a part payment of the $100,000 contribution by the limited partner to the capital of the partnership. The partnership agreement sets forth that the respective rights of the partners were to be different, depending on whether the partnership terminated by the death of a partner or expired at the termination of the period agreed upon under the partnership agreements. We, therefore, are called upon in this controversy to interpret the three agreements between the plaintiffs' testator, Mr. Charles H. Jones, deceased, and the defendants in their relations as members of the copartnership of Charles H. Jones & Co. The three agreements are " A," " B " and " C " in the record. It is apparent, therefore, that it was the intention of all the members of the firm of Chas. H. Jones & Co., as shown by these agreements, that the policies should be obtained and continued for the purpose of securing the repayment of the limited partner's contribution to the firm capital if any partner died before the partnership expired by a time limitation. The rights of the partners are fixed as between themselves by the partnership agreement. (*Levy* v. *Leavitt,* 257 N. Y. 461; *Martin* v. *Peyton,* 246 id. 213; *Corr* v. *Hoffman,* 256 id. 254.)

The purpose of taking out these policies of insurance and the payment of the premiums on them with copartnership funds was to use the proceeds of the policies to repay the amount contributed to the firm capital by the limited partner. The partnership agreement very clearly states that to be the intention of the parties. The one exception is the policy in question and that exception was declared in a separate agreement after Mr. Jones had paid the money which was necessary to change the term policy to a straight life policy and had obligated himself to pay the increased premiums.

The amended agreement was executed for the purpose of definitely fixing the ownership of the insurance policies and to indicate Mr. Jones' ownership of one policy. From the time the policy was converted into a straight life policy, the change of ownership was clearly indicated by the fact that instead of the firm paying

the increased premium, it was paid by Mr. Jones, the agreement emphasizing the fact that the firm would continue to pay the amount of premium which it had been paying, although Mr. Jones owned the policy.

Throughout the amended agreement it is indicated that the sole purpose of the agreement was to definitely declare the ownership of the policy in suit in Mr. Jones and the ownership of the other policies in the firm.

The construction of the agreements sought by the defendants is highly technical and contrary to the expressed intention of the parties, and would nullify important terms of the contracts, whereas the construction sought by the plaintiffs carries out the intention of the parties as expressed in the agreements.

Judgment should be granted for the plaintiffs, without costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; McAVOY, J., taking no part.

Judgment directed for plaintiffs, without costs. Settle order on notice.